IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LABORERS' PENSION FUND and LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, CATHERINE WENSKUS, <br> Plaintiffs, <br><br> v. <br><br> FIRST CORINTHIANS 3:10 CUSTOM BUILDERS and CEMENT WORKS, INC., <br><br> Defendant. | No. 17 C 8861 <br><br> Judge Alonso |

## PLAINTIFFS' MOTION FOR DEFAULT AND PROVE UP OF DAMAGES

Plaintiffs, Laborers' Pension Fund and Welfare Fund of the Health and Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity (collectively the "Funds"), by their attorneys, state:

1. On December 8, 2017, Plaintiffs filed a complaint under Section 301(a), Labor Management Relations Act, 29 U.S.C. §185(a), as amended, and Section 502(a)(3) of the Employee Retirement Income Security Act, 29 U.S.C. §1132(a)(3), as amended, alleging that at all material times Defendant First Corinthians 3:10 Custom Builders and Cement Works, Inc. ("First Corinthians"),was bound by a collective bargaining agreement to make contributions to Plaintiffs' Funds, to submit to an audit upon demand and to obtain and maintain a surety bond. In this Complaint, Plaintiffs specifically allege that Defendant failed to submit to an audit for the period from August 29, 2017 to the present. Plaintiffs requested relief include producing books and records

for an audit upon plaintiffs' request, and to hold the Company liable for all amounts owed to date.

2. Plaintiffs special process server, M. Andre Smith, served Registered Agent for First Corinthians 3:10 Custom Builders and Cement Works, Inc. ("First Corinthians") at the office of the registered agent on December 14, 2017. See Exhibit 1, attached hereto.

3. More than twenty days have passed since the service of the summons and the complaint, and the Defendant has failed to plead or otherwise defend as required by the Federal Rules of Civil Procedure. Copy of this motion will be sent to the Company President, Jesse Young, at 5313 Brentgrass Avenue, Richton Park, Illinois 60471 and the Company's Registered Agent.

4. According to the Funds' Director of Financial Operations, Ryan Lacey, Richard J. Wolf and Company, Inc., examined the books and records of First Corinthians and prepared an audit report covering the period August 29, 2017 through January 31, 2018. The report reflects principal contributions owed to the Welfare, Retiree Welfare, Pension, and Training, LECET, LMCC, and CAICA Funds, and the Union for dues in the total amount of $76,101.43. A true and correct copy of the audit report is attached hereto. (Exhibit 2, Affidavit of R. Lacey and audit report).

5. The respective Agreements and Declarations of Trust of the Laborers Funds, to which this Company is bound require payment of liquidated damages in the amount of 20 percent of the principal for the Welfare, Retiree Welfare Pension and Training Funds and ten percent for Union dues and for the LMCC, CAICA and LECET Funds. Interest is owed at the rate of 12% on all delinquent amounts owed from the date of the delinquency forward. With respect to the audit report prepared (adding the Funds at the rate of 20% and the Union/ancillary Funds at 10% penalty) the total amount of liquidated damages is $14,954.00. (Affidavit of Lacey adding $14,688.21 plus $266.04, Exhibit 2).

6. Interest has been determined for unpaid Funds' contributions in the amount of $4,704.93, for amounts owed through June 19, 2018. (Affidavit of Ryan Lacey, ¶5, Exhibit 2).

7. Audit fees charged to the Funds for the preparation of this report were $630.00. (Affidavit of Ryan Lacey, ¶6, Exhibit 2).

8. According to the collective bargaining agreement, Article IX, paragraph 1 all employers are required to procure, carry and maintain a surety bond in an amount that is satisfactory to the Union. This bond must be in excess of $5,000.00 to guarantee the payment of wages, Pension and Welfare Trust Contributions during the term of the Agreement. The Company entered into a payment plan for a cash bond which is attached hereto as Exhibit 4 and is attached to the Complaint as Exhibit B, dk# 1-2. It provides for payment of $5,000.00, by $250.00, per month payments, monthly. No payments have been received nor has a surety bond been posted. (Affidavit of Ryan Lacey, Exhibit 2, and Exhibit 4).

9. Reasonable attorneys' fees and costs are established by an affidavit of Karen I. Engelhardt, plaintiffs' counsel. This affidavit reflects that based on hourly records the amount of $3,595.00 is owed to the Funds' for counsel's attorney's fees which includes the amount of $400.00 to reimburse its costs, consisting of filing fees. (Exhibit 3, Affidavit of Karen I. Engelhardt). Attorneys' fees are owed pursuant to ERISA, 29 U.S.C. § 1132(g)(2), and pursuant to the terms of the collective bargaining agreements and Trust Agreements.

**WHEREFORE,** Plaintiffs drafted a proposed judgment order for a total judgment against the Company in the amount of $ 104,985.00.

    Respectfully submitted,

    /s/Karen I. Engelhardt
    One of Plaintiffs' attorneys

Karen I. Engelhardt
Sara S. Schumann
Ryan M. Thoma
ALLISON, SLUTSKY & KENNEDY, P.C.
230 West Monroe Street Suite 2600
Chicago, IL 60606
(312) 364-9400

June 19, 2018